NO. 07-05-0059-CR
NO. 07-05-0064-CR
NO. 07-05-0065-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 6, 2005
_____

MICHAEL EDWARD KILPATRICK,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 22ND JUDICIAL DISTRICT COURT OF HAYS COUNTY;

NOS. CR-03-711, CR-04-528, CR-04-570; HON. RON CARR, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Michael Edward Kilpatrick appeals his convictions for attempted sexual performance by a child, attempted aggravated sexual assault, and criminal solicitation of a minor. These convictions resulted from his contact with a law enforcement officer posing as a 13-year-old girl (*i.e.* "Carrie") on the internet and appellant's attempt to meet the girl to engage in a

sexual relationship. The three issues before us concern the propriety of the State's closing argument. We affirm the judgments.

### *Issue One - Comment on Fifth Amendment Privilege*

Through the first issue, appellant contends that during the State's closing argument, it commented on the invocation of his right to remain silent following arrest. We overrule the issue.

The comment alluded to a video of appellant's interrogation wherein he waived his right to remain silent. According to the prosecutor, appellant's reaction (*i.e.* standing silent with bowed head) to the charges being levied were not indicative of someone who was innocent. Yet, when the video was made, appellant not only had been informed of his right to remain silent but waived it. Appellant having waived that right during the interrogation, the prosecutorial comments about his demeanor during the interrogation and as captured on the video violated no right to remain silent. *Garcia v. State,* 126 S.W.3d 921, 924 (Tex. Crim. App. 2004) (stating that appellant's complaint about his right to remain silent "'during the time his statement was made'" was "nonsensical" since he waived his post -arrest right to silence when he agreed to make the statement).

Furthermore, the comment was nothing more than a summation of testimony uttered by appellant during trial. Through that testimony, appellant explained the reason for his demeanor as captured in the video. Furthermore, no one objected to the admission of that testimony. Being a summation of evidence actually admitted at trial without objection, the comment was proper. *See Wesbrook v. State,* 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (stating that the four permissible areas of jury argument are summation of the evidence,

2

reasonable deductions from the evidence, answer to argument of opposing counsel, and proper pleas for law enforcement).

### Issues Two and Three - References to a Real Minor Girl

In his second and third issues, appellant contends that the State should not have been allowed to argue that 1) "[o]n August 16, 2003, but for the law enforcement agent, a 13 year old girl would have been sexually assaulted . . . [i]t is as easy as that" and 2) appellant "scoured the internet, entered a 13 through 17 year old chat room and met this girl for one reason." The former was improper since "[n]othing in the record even remotely suggests that a thirteen year old girl would have been sexually assaulted . . . had appellant not been arrested," according to appellant. The latter was allegedly improper because it suggested that a "'real girl'" was involved, as opposed to a male undercover police officer. In other words, the prosecutor misstated the facts of record. We overrule the issues.

As to the first utterance, the statement was used by the prosecutor to end her description of the actions undertaken by appellant in preparing to have sex with someone appellant believed to be a 13-year-old girl. And, when seen in context, it connotes that given the evidence of appellant's belief, intent, or goal, and conduct in pursuit of that intent, he would have engaged in sex with a 13-year-old female had the object of his intent been such a girl rather than an undercover officer. *See Chen v. State,* 42 S.W.3d 926, 930 (Tex. Crim. App. 2001) (stating that if the officer had been a 13-year-old girl, what the defendant intended to accomplish would have been an actual crime). So viewed, the comment can be interpreted as a reasonable deduction from the evidence, and a proper mode of argument. *Wesbrook v. State*, *supra*.

Regarding the second utterance, the context of the statement is again of import. Through it, the prosecutor endeavored to explain how he met and what appellant intended to do with someone he believed to be a 13-year-old girl. Furthermore, nothing was said by the State of the "girl" being "real" as alleged by appellant. Indeed, the record is replete with evidence illustrating that the "girl" to which the State referred was "Carrie," the fictitious child played by the undercover officer. Given this, the statement also can be interpreted as a summation or characterization of the evidence actually before the factfinder, and a proper mode of argument.

Accordingly, the judgments of the trial court are affirmed.


Brian Quinn
Chief Justice

Do not publish.